UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



RONNIE S. MOORE,

        Plaintiff,

v.

AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL
EMPLOYEES LOCAL 1095,

        Defendant.

17-CV-704
DECISION AND ORDER

On July 26, 2017, Plaintiff Ronnie S. Moore[1] commenced this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 and for breach of the duty of fair representation. Docket Item 1. On April 9, 2019, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 9. On August 16, 2019, Plaintiff moved to amend and correct the complaint, Docket Item 18. On September 5, 2019, Defendant responded and moved to dismiss part of the complaint or, alternatively, for partial summary judgment and in opposition to Plaintiff's motion for leave to amend, Docket Item 21. On October 17, 2019, Plaintiff responded, Docket Item 29, and on October 31, 2019, Defendant replied, Docket Item 30.

---

[1] Plaintiff commenced this action *pro se*, Docket Item 1-2, but later retained counsel, Docket Item 3, who made the motion for leave to amend the complaint, Docket Item 18.

On November 26, 2019, Judge Scott issued a Report and Recommendation ("R&R") concluding that Plaintiff's motion for leave to amend would be granted in part and denied in part (allowing amendment of Plaintiff's Title VII claim only), and recommending to this Court that Defendant's motion for partial summary judgment should be granted. Docket Item 32.

On December 10, 2019, Defendant objected to the R&R on the following grounds: (1) the Court erred in finding that Plaintiff's omission from the complaint of a statement of legal authority for the duty of fair representation ("DFR") claim meant the DFR claim could have been stated under either state or federal law; and (2) the Court erred in finding, that to the extent the DFR claim was stated under federal law, the *Martin* rule does not preclude it. Docket Item 33. Defendant's Objections were made to rectify the Court's rationale, and not to alter the R&R's disposition of the motions, which Defendant deemed proper. *Id.*, at 2. Plaintiff did not make any objections or file any response to Defendant's Objections.

First, this Court notes the standards of review applicable to the present motions. Judge Scott considered together Plaintiff's motion for leave to amend and Defendant's partial cross-motion to dismiss or for summary judgement in his R&R. Docket Item 32, at 2. Pursuant to the referral order of April 9, 2019, Docket Item 9, Judge Scott was authorized to issue decisions on non-dispositive matters—here, granting Plaintiff's motion to amend in part (regarding the Title VII claim) and denying the motion to amend in part (regarding the duty of fair representation claim). To the extent that Defendant's objections relate to Judge Scott's decision on

2

the motion to amend, this Court must modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a).

As for dispositive matters, pursuant to the referral order, Judge Scott issued a report recommending that Defendant's motion for partial dismissal or summary judgment be granted. Docket Item 32, at 19. A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Thus, to the extent that Defendant is objecting to portions of the R&R that concern the partial motion to dismiss or for summary judgment, those portions are subject to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 71(b)(3).

However, as Defendant notes in their objections, some courts have found no practical difference between the contrary to law standard under Rule 72(a) and *de novo* standard under Rule 72(b) when the matter for review involves a question of law. *See, e.g., ICM Controls Corp., et al., v. Honeyvwell Int'l, Inc., et al.*, No. 5:12-CV-1766, 2019 WL 7631075, at *8 (N.D.N.Y. Dec. 3, 2019). Defendant asserts that whether Moore's proposed amended duty of fair representation claim was brought under state or federal law is a question of law and, thus, merits *de novo* review. Docket Item 33, at 4.

This Court has carefully reviewed the thorough R&R, the record in this case, the objections, and the materials submitted by the parties. Based on either a *de*

*novo* or clearly erroneous review, the Court concludes that Judge Scott's order granting Plaintiff's motion to amend in part and denying the motion to amend in part is not contrary to law or clearly erroneous. Based on a *de novo* review, this Court also accepts and adopts Judge Scott's recommendation to grant Defendant's motion for partial summary judgment on the ground of timeliness of Plaintiff's duty of fair representation claim. Given that the timeliness issue is dispositive, it is not necessary to decide the alternative ground of dismissal based on the *Martin* rule or whether the DFR claim was brought under state or federal law.

For the reasons stated above and in the Report and Recommendation, the Court concludes that Judge Scott's decision granting the motion to amend (Docket Item 18) in part and denying the motion in part is not contrary to law. Furthermore, for the reasons stated above and in the Report and Recommendation, Defendant's motion, Docket Item 21, is GRANTED on the ground of timeliness. The case is referred back to Judge Scott for further proceedings consistent with the referral order of April 9, 2019, Docket Item 9.

SO ORDERED.

Dated:      March 4, 2020
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE